UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS G. RICHARD,**

    **Plaintiff,**

    v.

**CALIBER HOME LOANS, INC.,** *et al.***,**

    **Defendants.**

Civil Action 2:15-cv-2647
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, Dennis G. Richard ("Richard" or "Plaintiff") brings this lawsuit against Defendants for violations of federal regulations related to his home mortgage loan. Specifically, Richard claims that Defendant Caliber Home Loans, Inc. ("Caliber") has improperly attempted to foreclose on his home and attempted to add impermissible fees and charges to his mortgage loan account. This matter is before the Court on Defendants' Motion to Quash Subpoena to Robert C. Folland (ECF No. 66), Plaintiff's Memorandum in Opposition (ECF No. 67) and Defendants' Reply in Support of its Motion to Quash (ECF No. 68). For the reasons that follow, Defendants' Motion to Quash is **GRANTED**.

**I.**

This is the third in a series of lawsuits filed by Plaintiff over the promissory note and mortgage in question. The impact of prior settlement agreements is, therefore, at issue and some communications between the parties' lawyers are relevant. These communications were generally in writing or confirmed in writing. In an attempt to obviate the need for any attorneys

to testify regarding these communications, the parties conferred to work on a joint stipulation as to their authenticity and admissibility. No agreement was reached, resulting in Plaintiff serving the subpoena at issue in this motion.

On September 26, 2016, Defendants began the deposition of the Plaintiff. After the parties failed to resolve repeated disputes pertaining to objections, the deposition was adjourned until November 1, 2016. (*See* ECF No. 62.) Pursuant to an unopposed request by the Defendants, a conference room was made available at Court and the Undersigned agreed to be present in order to resolve objection disputes on that date. On October 24, 2016, Plaintiff filed a Notice of subpoena on defense counsel, Mr. Robert Folland, for deposition testimony on November 1, 2016 at the courthouse. (ECF No. 63.) The subpoena was duly served on Mr. Folland on October 25, 2016. On October 27, 2016, Defendants filed the Motion to Quash. (ECF No. 66.) On October 31, 2016, the Court stayed all depositions pending adjudication of the issues raised in the Motion to Quash and Plaintiff's response thereto. (ECF No. 69.)

**II.**

Rule 45 of the Federal Rules of Civil Procedure generally governs litigation subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no

exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Here, however, the subpoena at issue does not seek testimony or production of evidence from a third-party, but from opposing counsel. The Sixth Circuit has adopted the *Shelton* test enumerated by the Eighth Circuit, which prohibits discovery from opposing counsel unless it is absolutely necessary, specifically,: "[d]iscovery from an opposing counsel is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). The *Shelton* "factors are then balanced so that the Court may make a determination whether the need for the discovery, and the general proposition that all witnesses in possession of relevant evidence are subject to being deposed, outweigh the intrusion which will unquestionably occur where an opposing party's attorney is deposed." *Avis Rent a Car Sys., LLC v. City of Dayton, Ohio*, No. 3:12-cv-399, 2013 WL 3778922, at *2 (S.D. Ohio July 18, 2013).

### III.

Plaintiff's request to depose Mr. Folland runs afoul of two of the *Shelton* factors. First, the information is available through other means. Second, the specific testimony sought by the Plaintiff is privileged.

Plaintiff maintains that Mr. Folland's testimony is relevant to the counter-claims alleged by Defendants, which include breach of contract, recission, fraud in the inducement, and unjust enrichment. These claims are premised on the allegations that Richard, through counsel, "made

3

representations with knowledge that they were false" and that Plaintiff "intended to mislead Caliber." (ECF No. 8, ¶ 162.) Defendants seek monetary damages and injunctive relief to prevent the filing of future lawsuits. (*Id*. ¶¶ 225-229.) As a defense to the counter-claims, Plaintiff asserts that he worked diligently to resolve the mortgage loan dispute, including negotiating in good faith and executing two prior settlement agreements. Moreover, Plaintiff alleges, it was Mr. Folland who thwarted a non-litigious resolution by failing to respond to an email from Plaintiff's counsel requesting verification of the amount due by Richard, and failing to provide accurate payment information regarding the loan. (ECF No. 67, at 5.)

At the heart of this Motion is an email exchange between Mr. Folland and a prior member of Plaintiff's legal representation team, Mr. Andrew Gerling, from the Spring of 2015. At that time, the second settlement agreement had been executed, but a dispute quickly arose regarding outstanding loan payment deficiencies. Specifically, Plaintiff maintains that the settlement agreement brought his entire account current, while Caliber informed the Plaintiff that he was still behind on certain outstanding monthly payments. (*See* ECF No. 67-1.) In the emails, Mr. Gerling and Mr. Folland discuss the payment disputes. Caliber informed Richard that he was delinquent in certain monthly payments. Mr. Gerling wrote to Mr. Folland seeking clarification. Mr. Folland, at least initially, believed the dispute was a matter for Richard to discuss with Caliber's accounting department and refers Mr. Gerling to the bill. On March 30, 2015, Mr. Gerling wrote that he is "trying to work this out without it becoming a legal issue. The purpose of settlement was to bring Mr. Richard current." (*Id*. at 9.) Mr. Folland replied, "If it's not a legal issue then we lawyers need not be spending non-billable time talking about it." (*Id*. at 8.) Nevertheless, the email chain continued with Mr. Folland encouraging Richard to contact Caliber directly and Mr. Gerling insisting that "Mr. Richard's efforts to communicate

4

with Caliber only result in frustration as evidenced by the history of litigation between the parties." (*Id*. at 1.) Ultimately, the parties were unable to resolve the dispute and Plaintiff initiated this lawsuit by filing a Complaint on July 23, 2015. (ECF No. 1.)

Plaintiff contends that Mr. Folland is the only available source of information into "why counsel chose not to waste 'non-billable' time in resolving the errors in Mr. Richard's mortgage," as well as "why counsel did not respond to Mr. Gerling's request for verification on the amount due by our client or why counsel refused to provide Mr. Richard with accurate payment information." (ECF No. 67, at 5.) That information, Plaintiff argues, is germane to the resolution of the counter-claims because it "establishes the fact that Mr. Richard attempted to resolve the dispute non-judiciously to no avail. It also establishes the absurdity of Defendants' counterclaims by proving that counsel was indeed a driving factor in the necessity of this present action." (*Id*.)

The Court does not agree, for the following reasons. At the outset, to the extent that Plaintiff seeks communications regarding the settlement agreements, his request is satisfied by the documents themselves. In *Shelton*, the plaintiffs sought to determine whether the defendant possessed certain documents by deposing an attorney in the corporation's litigation department. 805 F.2d at 1327. The court held that that the information was available through deposing other employees of the defendant-corporation, who were not opposing-counsel members of the litigation department. *Id*. Similarly, this Court held in *Fresenius Med. Care Holdings, Inc. v. Roxane Laboratories, Inc.*, that where the parties had access to documents reflecting the communications at issue, the information was not exclusively within opposing counsel's control. No. 2:05-cv-0889, 2007 WL 543929, *5 (S.D. Ohio Feb. 16, 2007). As in *Shelton* and *Fresenius*, here information that is relevant to the counterclaims is available from the written

communications and thus, Mr. Folland's deposition is not the sole means through which to obtain it.

Additionally, the information Plaintiff seeks from Mr. Folland's deposition is privileged. *Shelton* held that an attorney's knowledge regarding the existence of documents "would reveal counsel's mental impressions, which are protected as work product." 805 F.2d at 1326. Specifically, "[t]he work product doctrine not only protects from discovery materials obtained or prepared in anticipation of litigation, but also the attorney's mental impressions, including thought processes, opinions, conclusions, and legal theories." *Id*. at 1328 (citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). The Sixth Circuit and this Court have applied *Shelton*'s second prong to quash subpoenas against opposing counsel where the information sought was privileged. *Alomari v. Ohio Dept. of Public Safety*, 626 F. App'x 558, 574 (6th Cir. 2015); *Avis Rent a Car Sys.* 2013 WL 3778922, at *2. In this case, Plaintiff seeks to depose Mr. Folland regarding "why" he responded to or did not respond to certain communications as well as his reasoning behind his responses. These communications were not only pre- and post-litigation on the mortgage loan at issue, but they pertained directly to the second settlement agreements and further payment disputes. Inquiry into the reasoning behind his written communications would clearly reveal his mental impressions, thought processes, opinions and perhaps even legal theories, which fall squarely under the work-product privilege.

Because the information sought by Plaintiff from Mr. Folland's testimony is available through other means and is also privileged, the *Shelton* factors are not satisfied.

### III.

The Court notes that Defendants also have a strong argument that the subpoena, which allowed seven days' notice of Mr. Folland's deposition, failed to provide a reasonable time for

compliance.  *See e.g. Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The Court agrees with Defendant that these subpoenas in fact did not provide for a reasonable time for compliance.  Deponents . . . were served within one week of their deposition dates . . . . Fed. R.Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena."); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice for deposition is not reasonable).  Due to the conclusion that the motion to quash is meritorious, however, the Court need not further adjudicate the reasonableness of the notice.

## IV.

For the reasons set forth above, Defendants' Motion to Quash Subpoena to Robert C. Folland (ECF No. 66) is **GRANTED**.  The **STAY** on depositions in this case is hereby **LIFTED**.  (ECF No. 69.)  The parties are **DIRECTED** to confer regarding a time to continue Defendants' deposition of Plaintiff within **THIRTY (30) DAYS**.  The parties are also **DIRECTED** to confer regarding the necessity of utilizing Court resources for the deposition, keeping in mind that Rule 1 of the Federal Rules of Civil Procedure states parties have an obligation "to secure the just, speedy an inexpensive determination of every action and proceeding."[1]

---

[1] Specifically, the Committee Note to Rule 1 states:

> Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way . . . . [D]iscussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure.

**IT IS SO ORDERED.**


November 4, 2016 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE