# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DENNIS G. RICHARD,**

      **Plaintiff,**        Civil Action 2:15-cv-2647
v.        Judge George C. Smith
       Magistrate Judge Elizabeth Preston Deavers

**CALIBER HOME LOANS, INC.,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants', Caliber Loans, Inc., *et al.* ("Defendants"), Motion for Leave to File Amended Answer and Counterclaims (ECF No. 79), Plaintiff's, Dennis G. Richard ("Plaintiff"), Response in Opposition (ECF No. 80), and Defendants' Reply (ECF No. 81) as well as Plaintiff's Motion for Sanctions (ECF No. 64) pursuant to an Order of Reference. (ECF No. 92.) For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Leave to File Amended Answer and Counterclaims be **GRANTED** and Plaintiff's Motion for Sanctions be **DENIED**.

## I.

Plaintiff filed his Complaint on July 23, 2015, alleging that Defendants violated the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practice Act. Plaintiff asserts that although he settled with Defendants twice, regarding his mortgage payments, Defendants continue to charge him fees and expenses that were waived as part of the settlement agreements. (ECF No. 1.) Defendants filed their Answer and Counterclaims on October 12, 2015, asserting seven separate counts. (ECF No. 8.) Defendants now seek to

narrow the issues before the Court by dismissing Counts III (Fraud in the Inducement), V (Breach of Contract-First Settlement Agreement), and VI (Rescission-First Settlement Agreement) of Defendants' Counterclaims. (Defendant's Motion for Leave to File Amended Answer and Counterclaims ("Defs. Mot. For Leave") at 1, ECF No. 79.) Plaintiff opposes contending that amendment to the Answer and Counterclaims will be prejudicial to him. (Plaintiff's Opposition to Defendants' Motion for Leave ("Pl.'s Opp.") at 1, 3, ECF No. 80.)

## II.

### A. Leave to Amend Answer and Counterclaims

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a pleading shall be freely given "when justice so requires." Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). In considering the issue of prejudice, the Court must ask whether allowing a party to amend the pleadings would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

Plaintiff opposes Defendants' motion, contending that it will be prejudicial to him because Defendants could bring the dismissed claims again in the future. (Pl.'s Opp. at 1, 3.) As to this issue, Defendants remediate that concern with their proposal to dismiss Counts III, V, and VI with prejudice. (Defendants' Reply in Support of Motion for Leave to File Amended Answer and Counterclaims ("Defs. Reply") ECF No. 81.)

Moreover, Plaintiff does not support his contention that allowing Defendants to dismiss three of their counterclaims will prejudice Plaintiff such that Defendants' motion should be denied. A dismissal of the claims will not require Plaintiff to expend additional resources and nor will it cause a considerable delay in resolving the dispute. Accordingly, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Leave to Amend.

## B. Motion for Sanctions

Federal Rule of Civil Procedure 11 affords the Court the discretion to award sanctions when a party submits to the court pleadings, motions, or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support. *See* Fed. R. Civ. P. (11)(b)(1)–(3). Additionally, the Court has the "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (citing *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)). For a legal position to be considered frivolous under Rule 11, "it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Neighborhood Research Inst. v. Campus Partners for Comm. Urban Dev.*, 212 F.R.D. 374 (S.D. Ohio 2002) (quoting *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 167 (2d Cir. 1999)).

The standard for determining whether to impose sanctions is one of objective reasonableness. *First Bank of Marietta,* 307 F.3d at 517 (recognizing that "the imposition of Rule 11 sanctions requires a showing of 'objectively unreasonable conduct'"); *United States v. Scherer*, No. 2:14-cv-452, 2015 U.S. Dist. LEXIS 122151, at *28 (S.D. Ohio Sep. 14, 2015).

Therefore, when considering whether or not to impose sanctions under Federal Rule of Civil Procedure 11, the Court looks to whether the attorney's conduct was reasonable under the circumstances. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997); *Runfola & Assocs. v. Spectrum Reporting II*, 88 F.3d 368, 372 (6th Cir. 1996) (quoting *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)).

Plaintiff points specifically to Defendants' fraud-based counterclaims and posits that Defendants had no factual or legal basis upon which to assert the claims and therefore acted in bad faith. (Plaintiff's Motion for Sanctions at 6–8, ECF No. 64.) Defendants correctly respond that the fraud counterclaim does have a legal basis under the recognized theory of promissory fraud. (Defendants' Motion in Opposition to Plaintiff's Motion for Sanctions at 5, ECF No. 76.) The record reveals that Plaintiff's then-counsel had knowledge that Plaintiff's account was delinquent before he signed the Second Settlement Agreement. Moreover, the text of the Second Settlement Agreement indicates that these amounts were not waived. In his third Complaint, however, Plaintiff asks the Court to waive these amounts. Defendants maintain that these facts form the basis for their fraud theory.

Defendants posit that only two possibilities exist. The first is that Plaintiff's counsel informed Plaintiff that his account was delinquent before he executed the Second Settlement Agreement and Plaintiff engaged in fraud by continuing to challenge these amounts. The second possibility, according to Defendants, is that his then-counsel failed to communicate with Plaintiff before executing the Second Settlement Agreement, to properly inform him that his account was delinquent. Given that a third attorney represented Plaintiff when he filed the third Complaint who did not negotiate the Second Settlement agreement, the Undersigned finds the latter scenario much more likely. While the second possibility relieves Plaintiff from liability for fraudulent

4

inducement, it does not give rise to Rule 11 sanctions. Additionally, as this Court has previously recognized, Defendants' allegations were sufficient in substance to support an *in camera* review of Plaintiff's communications. (ECF No. 46 2–3.) As a result, the Undersigned finds that it was objectively reasonable for Defendants to assert their counterclaims at the time of their pleading. Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Sanctions.

## III.

Based on the foregoing, it is **RECOMMENDED** that Defendants' Motion to Amend the Answer and Counterclaims be **GRANTED** and Plaintiff's Motion for Sanctions be **DENIED**.

## IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: April 24, 2017    /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE