# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DENNIS G. RICHARD,**

        Plaintiff,

vs.                                               Case No.: 2:15-cv-2647
                                                         JUDGE GEORGE C. SMITH
                                                         Magistrate Judge Deavers

**CALIBER HOME LOANS, INC.,** *et al.*,

        Defendants.

## ORDER

On April 24, 2017, the United States Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion for Leave to File an Amended Answer and Counterclaims be **GRANTED** and Plaintiff's Motion for Sanctions be **DENIED**. (*See* Doc. 94, Report and Recommendation). This matter is now before the Court on Plaintiff's objection to the Report and Recommendation. (Doc. 101). Defendants have filed an opposition to Plaintiff's objection. (Doc. 105).

Upon timely objection, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings while legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Eversole v. Butler County Sheriff's Office*, 2001 U.S. Dist. LEXIS

26894, at *2 (S.D. Ohio August 7, 2001) (sustaining objections to magistrate judge's order rejecting claim of attorney-client privilege and work-product) (citation omitted). The District Court Judge's review under the "contrary to law" standard is "plenary," and it "'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Gandee,* 785 F.Supp. at 686 (citations omitted). It is with these standards in mind that the Court reviews the Magistrate Judge's Order.

Plaintiff does not object to the portion of the Report and Recommendation regarding Defendant's Motion for Leave to Amend, therefore, that portion is adopted and affirmed. Plaintiff specifically objects to the Magistrate Judge's denial of sanctions. Plaintiff argues that he should be awarded sanctions in this case because the counterclaims against him in this case were not reasonable and intended to punish Plaintiff for bringing this case. Defendants respond that the Court need not consider Plaintiff's new arguments raised in the objections. Further, Defendants asset that the Magistrate Judge's conclusions are correct in that they had a sufficient basis for asserting the fraud in the inducement counterclaim. (Doc. 105 at 7).

The Magistrate Judge in her Report and Recommendation carefully considered all the arguments of the parties in ruling on Plaintiff's Motion for Sanctions. Specifically, she found that it was "objectively reasonable for Defendants to assert their counterclaims at the time of their pleading." (Doc. 94 at 5). Plaintiff argues that the Magistrate's decision incorrectly relied on the parties' prior negotiations, despite the Second Settlement Agreement containing the integration language. This is the new argument that Defendants argue the Court need not consider because it was not addressed before the Magistrate Judge. However, out of an abundance of caution, the Court will consider all of Plaintiff's arguments. Although there was

2

some confusion with the change in counsel and what was considered prior to signing the Second Settlement Agreement, the Court agrees with the reasoning set forth in the Report and Recommendation, that there was sufficient basis for Defendants to assert a fraud in the inducement counterclaim and therefore sanctions are not appropriate in this instance.

For the reasons stated above, Plaintiff's Motion for Sanctions is **DENIED**. The Magistrate Judge's Report and Recommendation is hereby **ADOPTED AND AFFIRMED**.

The Clerk shall remove Documents 94 and 101 from the Court's pending motions list.

       **IT IS SO ORDERED**.

                                            */s/ George C. Smith*_____
                                            **GEORGE C. SMITH, JUDGE**
                                            **UNITED STATES DISTRICT COURT**